IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **LARRY CLARK,** | : | **Case Number:** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **INTERPLASTIC CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE OF REMOVAL BY DEFENDANT,
INTERPLASTIC CORPORATION**

**I.   INTRODUCTION**

This case is a diversity jurisdiction tort action brought by a Kenton County, Kentucky Plaintiff, Larry Clark, against Interplastic Corporation ("Interplastic"), a Delaware corporation, with its principal place of business in Vadnais Heights, Minnesota. The Defendant, Interplastic, respectfully requests that this Court assume federal jurisdiction over this case, which was originally filed in Kentucky state court in Kenton County, on the basis of diversity of citizenship, 28 U.S.C. §1332. This case therefore arises within the original jurisdiction of this Court, and Defendant hereby removes it to this Court pursuant to 28 U.S.C. §§1441 and 1446.

**II.   STATEMENT OF THE GROUNDS FOR REMOVAL**

1. The time in which to remove this action has not run. The Complaint in this matter was received by Defendant Interplastic on or about July 1, 2022. *See* State Court Record, attached hereto as Exhibit 1. This removal is therefore timely, pursuant to 28 U.S.C. §1446(b)(1).

2. Defendant is not aware of any other pleadings or orders filed or issued to date in

1

the underlying state court action.

3. A Civil Cover Sheet is attached hereto as Exhibit 2.

4. A Corporate Disclosure Statement and Notice of Appearance of Counsel are attached hereto as Exhibits 3 and 4, respectively.

5. A Motion to Dismiss Plaintiff's Complaint is attached hereto as Exhibit 5.

6. Plaintiff Larry Clark, a resident of Kenton County, filed this action in the Kenton County Kentucky Circuit Court, as Case Number 22-CI-00944, seeking damages for negligence relating to an alleged chemical release at Interplastic's production facility in Ft. Wright, Kentucky.

7. This Court has diversity jurisdiction over this action, as the parties to this lawsuit are citizens of different states. 28 U.S.C. § 1332(a)(1).

8. Defendant Interplastic Corporation is a Delaware Corporation, with its principal place of business in Vadnais Heights, Minnesota.

9. This action also meets the amount-in-controversy requirement for this Court's diversity jurisdiction, as the amount-in-controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. In addition to claiming damages for negligent personal injury due to chemical exposure, Plaintiff has alleged grossly negligent conduct, potentially allowing him to seek punitive damages, and prevailing party attorney's fees. *See* Complaint, Exhibit 1d, at ¶¶ 10-11; *see also Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998).

11. Although Plaintiff did not make a liquidated monetary demand in his Complaint, he does allege that his damages exceed the jurisdictional threshold of the Kentucky state Circuit Court. *See* Complaint, Exhibit 1, at ¶ 6. In Kentucky, the jurisdictional threshold of the Circuit Court is $5000. *See* KRS §§ 24A.010; 24A.120.

12. Before filing this notice of removal, counsel for Interplastic Corporation requested Plaintiff's stipulation that the amount-in-controversy in this case did not exceed $75,000. To date, no such stipulation has been received.

13. As can be seen from the Plaintiff's Complaint, it is facially apparent that the amount-in-controversy exceeds $75,000. The Plaintiff seeks damages not limited to medical expenses, loss of earning, pain and suffering, punitive damages, and attorney's fees and costs. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (courts have considered allowing removal where the defendant establishes a "substantial likelihood" or "reasonable probability" that the plaintiff intends to seek damages in excess of the federal amount-in-controversy requirement).

14. "The Sixth Circuit requires the removing defendant [to] show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement; however, this does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Combs v. Davey Tree Expert Co.*, No. 21-79-DLB, 2022 U.S. Dist. LEXIS 59722, at *4 (E.D. Ky. Mar. 31, 2022).

15. The type of case filed by Plaintiff here routinely exceeds the amount-in-controversy requirement for removal to this Court. Recent jury awards in toxic-tort chemical exposure cases have ranged from hundreds of thousands of dollars to millions of dollars. *Burroughs Diesel Inc. v. Baker Petrolite L.L.C.*, 2020 WL 7872871; 2020 MS Jury Verdicts & Sett. LEXIS 74 (Mississippi federal court, March 11, 2020) ($560,362.00), *Cooley v. Lincoln Electric*, 2009 WL 4609702; 2009 Jury Verdicts LEXIS 425526 (Ohio state court, October 7,2009) ($1,250,000.00 in compensatory damages alone), *Taylor v. Teco Barge Line Inc.*, JVR No. 490745; 2006 Jury Verdicts LEXIS 77651 (W.D. Ky., August 18, 2006) ($1,000,000), *Hardeman v. Monsanto Company*, JVR No. 1904290012; 2019 WA Jury Verdicts & Sett. LEXIS 69 (California federal court, February 15,

3

2019) ($80,267,634.00), *Gaddy v. Ethyl Corp.*, JVR No. 2001170038; 2019 LA MS Jury Verdicts & Sett. LEXIS 202 (Louisiana federal court, November 8, 2019) ($7,750,661 reduced to $2,583,554).

16.     The potential attorney's fees recovery in this case is sufficient on its own basis to satisfy the amount-in-controversy requirement. (*See Californians for Alternatives to Toxics v. Evergreen Pulp Inc.*, 28 Trials Digest 11th, 6) (Defendant agreed to pay $310,000.00 to plaintiffs for attorney's fees and costs in a toxic tort chemical case).

17.     Moreover, even if Plaintiff only seeks the jurisdictional minimum for Kentucky Circuit Court (*i.e.* $5000 in compensatory damages), the amount-in-controversy is almost certainly met in this case, due to the allegation of gross negligence (*i.e.* punitive damages) and the potential recovery of attorney's fees.  As the United States Supreme Court explained in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), punitive damages in an amount up to nine times compensatory damages would generally be presumptively Constitutional.  As a result, even with a minimum compensatory award and a punitive damages award, the amount-in-controversy for this case presents at least $50,000 in compensatory and punitive damages exposure alone, before a prevailing party attorney's fee award is even considered.  Given the scant amount of work that would need to be performed to add $25,000.01 to the potential compensatory and punitive damages exposure, this case certainly meets the amount-in-controversy for federal jurisdiction. *See, e.g.*, *Ratliff v. First Technology Capital, Inc.*, E.D.Ky. Civil Action No. 5:10-187-JMH, 2010 U.S. Dist. LEXIS 111585, at *4 (E.D. Ky., Oct. 18, 2010) (concluding that amount-in-controversy was met where underlying damages of $41,654.68 were alleged, before recovery of attorney's fees, as requested in the Complaint, because "[f]or better or for worse, litigation can be an expensive proposition[.]"

18.    For these reasons, this case is properly removeable to this Court, based on 28 U.S.C. §§ 1332, and 1446.  This case involves a dispute between citizens of different states, in an amount exceeding $75,000, exclusive of interest and costs.

## III.   CONCLUSION

Plaintiffs' claims involve litigation with an amount-in-controversy exceeding $75,000, between citizens of different states. Federal jurisdiction based on diversity of citizenship is therefore conferred, and removal of Plaintiffs' claims is appropriate.

Respectfully Submitted,

s/ Nathan A. Lennon
Nathan A. Lennon (96205)
REMINGER CO., LPA
250 Grandview Avenue, Ste. 550
Ft. Mitchell, KY 41017
Phone: (859) 426-7222
Fax:   (859) 283-6074
Email:  nlennon@reminger.com
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing and its attachments was filed via the Court's cm/ecf system, this 20th day of July, 2022, and additionally served via email, upon the following:

Paul Dickman, Esq.
DICKMAN LAW OFFICE, PSC
19 West 11th Street
Covington, KY 41011
attorney@fuse.net
***Counsel for Plaintiff***

                                                                    s/ Nathan A. Lennon
                                                                    Nathan A. Lennon (96205)